NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**In re:  EXTREME TECHNOLOGIES, LLC,**
*Petitioner*

_____

2020-106

_____

On Petition for Writ of Mandamus to the United
States District Court for the Southern District of Texas in
No. 4:19-cv-01977, Judge Lynn N. Hughes.

_____

**ON PETITION**

_____

Before NEWMAN, LOURIE, and CHEN, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

Extreme Technologies, LLC petitions for a writ of
mandamus that would direct intra-district transfer from
Judge Lynn N. Hughes to Judge Alfred H. Bennett, both
of the United States District Court for the Southern
District of Texas.  Stabil Drill Specialties, L.L.C. opposes
the petition.  Extreme replies.

Extreme sued Stabil Drill for patent infringement in
the Southern District of Texas.  Shortly after the case was
assigned to Judge Hughes, Extreme filed a notice of
dismissal pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(i) and immediately filed the same complaint at the United States District Court for the Western District of Louisiana.  Several hours after the notice of dismissal was filed, Judge Hughes entered an order dismissing the case without prejudice but stated that if the case is "refiled or removed to the Southern District of Texas, the case will be assigned to Judge Hughes."

Several months later, the Louisiana court transferred its case to the Southern District of Texas, noting the belief that Extreme was judge shopping when it voluntarily dismissed the case in Texas.  Upon transfer, the case was initially assigned to Judge Alfred H. Bennett, but he transferred the case to Judge Hughes.  Extreme then moved to transfer back to Judge Bennett, which Judge Hughes denied.  Extreme then filed this petition.

Mandamus is an extraordinary remedy, available only where the petitioner shows: (1) a clear and indisputable right to relief; (2) there are no adequate alternative legal channels through which he may obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances.  *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004).  We cannot say that Extreme has met those requirements.

Judge Bennett did not violate any clear and indisputable authority in transferring this case to Judge Hughes.  To the extent that Extreme believed Judge Hughes exceeded his authority in issuing his initial order, it could have timely appealed from that decision but elected not to do so.  Under the circumstances, granting this extraordinary relief would not be appropriate.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

IN RE:  EXTREME TECHNOLOGIES, LLC                                        3

                                        FOR THE COURT

November 21, 2019              /s/ Peter R. Marksteiner
      Date                     Peter R. Marksteiner
                               Clerk of Court

s25